In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00462-CR**
_____

**EMMANUEL JEROME SIGARST, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 12-14261**

**MEMORANDUM OPINION**

Pursuant to a plea bargain agreement, appellant Emmanuel Sigarst[1] pled

guilty to the offense of injury to an elderly individual, a first-degree felony. *See*

Tex. Penal Code Ann. § 22.04(a)(1), (e) (West Supp. 2014). The trial court found

the evidence sufficient to find Sigarst guilty of injury to an elderly individual, but

deferred further proceedings, placed Sigarst on community supervision for ten

years, and ordered him to pay a fine of $500. Thereafter, the State filed a motion to

_____

[1] The record reflects that Emmanuel Jerome Sigarst is also known as Jerome
Emmanuel Sigarst.

1

revoke Sigarst's unadjudicated community supervision. At the revocation hearing, Sigarst pled "not true" to count one of the State's motion to revoke, but pled "true" to counts two, three, and four. After receiving evidence regarding the allegations contained in count one, the trial court found the evidence sufficient to establish that Sigarst violated the conditions of his community supervision, as alleged in counts one, two, and three of the State's motion.[2] The trial court revoked Sigarst's community supervision, adjudicated him guilty of the offense of injury to an elderly individual, and sentenced him to twenty-five years in prison. Sigarst timely filed a notice of appeal.

Sigarst's appellate counsel filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). Counsel's brief presents his professional evaluation of the record and concludes that there are no arguable grounds to be advanced in this appeal. Counsel provided Sigarst with a copy of this brief. We granted an extension of time for Sigarst to file a pro se brief. We received no response from Sigarst.

The appellate court need not address the merits of issues raised in *Anders* briefs or pro se responses. *Bledsoe v. State,* 178 S.W.3d 824, 826–27 (Tex. Crim.

---

[2] The trial court made no findings with respect to the allegations in count four of the State's motion to revoke and based its decision to revoke Sigarst's community supervision solely on its findings with respect to the allegations in counts one, two, and three.

App. 2005). In these circumstances, we "may determine that the appeal is wholly frivolous and issue an opinion explaining that [the appellate court] has reviewed the record and finds no reversible error." *Id*. Alternatively, we "may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.*

We have independently reviewed the clerk's record and the reporter's record, and we agree with Sigarst's appellate counsel that no arguable issues support an appeal. *See id.* Therefore, we find it unnecessary to order appointment of new counsel to re-brief Sigarst's appeal. *See id.; compare Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Although not an arguable issue, we note that the judgment adjudicating Sigarst's guilt does not correctly identify the statute under which Sigarst was convicted. Sigarst was convicted of the first-degree felony offense of injury to an elderly individual pursuant to sections 22.04(a)(1) and (e) of the Texas Penal Code. The judgment, however, identifies only section 22.04(e) as the "Statute for Offense[.]" Section 22.04(e) lists the various degrees of a felony offense committed under section 22.04(a)(1) or (2) or section 22.04(a-1)(1) or (2) based on the defendant's mental state. Tex. Penal Code Ann. § 22.04(e). It does not provide the elements for the offense of injury to an elderly individual. *See id.* Rather,

3

section 22.04(a)(1) identifies the elements of the offense of injury to an elderly individual. *Id*. § 22.04(a)(1).

The Texas Rules of Appellate Procedure give this Court authority to modify judgments sua sponte to correct typographical errors and make the record speak the truth when we have the necessary information to do so. *See* Tex. R. App. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.). "Appellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record." *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Our authority to reform an incorrect judgment is not dependent upon the request of any party, and it does not turn on the question of whether a party has or has not objected in the trial court. *Id*. at 529-30. We therefore modify the judgment to reflect that "sections 22.04(a)(1) and (e) of the Texas Penal Code" constitute the "Statute for Offense[.]" We affirm the trial court's judgment as modified.[3]

---

[3] Sigarst may challenge our decision in this case by filing a petition for discretionary review. *See* Tex.R.App. P. 68.

4

AFFIRMED AS MODIFIED.


_____
CHARLES KREGER
Justice


Submitted on June 1, 2015
Opinion Delivered July 29, 2015
Do not publish

Before McKeithen, C.J., Kreger and Horton, JJ.